# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1746V
UNPUBLISHED

| | |
|---|---|
| MICHAEL EIRAS,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: December 22, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Emilie Williams*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On November 12, 2019, Michael Eiras filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as defined on the Vaccine Injury Table or, in the alternative, was caused-in-fact by the influenza vaccine he received on February 2, 2018. Petition at 1, ¶¶ 2, 25. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 22, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his SIRVA. On December 21, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $87,105.79, representing compensation in the amounts of $77,500.00 for his pain and suffering,

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$830.00 for his past unreimbursable expenses, and $8,775.79 for his past lost wages. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $87,105.79, representing compensation in the amounts of $77,500.00 for his pain and suffering, $830.00 for his actual unreimbursable expenses, and $8,775.79 for his actual lost wages in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| MICHAEL EIRAS, ) | |
| ) | |
| Petitioner, ) | No. 19-1746V   ECF |
| ) | |
| v. ) | Chief Special Master |
| ) | Brian H. Corcoran |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On November 12, 2019, Michael Eiras ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine he received on February 2, 2018.  Petition at 1.  On June 18, 2018, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on June 22, 2018, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 23; ECF No. 24.

**I.   Items of Compensation**

    A.   <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $77,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

      B.      <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $830.00. See 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

      C.      <u>Lost Wages</u>

Evidence supplied by petitioner documents that he incurred past lost wages related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past lost wages in the amount of $8,775.79. See 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.**      <u>**Form of the Award**</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $87,105.79, in the form of a check payable to petitioner.

**III.**      <u>**Summary of Recommended Payments Following Judgment**</u>

Lump sum payable to petitioner, Michael Eiras:      **$87,105.79**

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings and future pain and suffering.

                          Respectfully submitted,

                          BRIAN M. BOYNTON
                          Acting Assistant Attorney General

                          C. SALVATORE D'ALESSIO
                          Acting Director
                          Torts Branch, Civil Division

                          HEATHER L. PEARLMAN
                          Deputy Director
                          Torts Branch, Civil Division

                          ALEXIS B. BABCOCK
                          Assistant Director
                          Torts Branch, Civil Division

                          /s/ Emilie F. Williams
                          EMILIE F. WILLIAMS
                          Trial Attorney
                          Torts Branch, Civil Division
                          U.S. Department of Justice
                          P.O. Box 146
                          Benjamin Franklin Station
                          Washington, D.C. 20044-0146
                          Tel:  (202) 305-0124
                          Emilie.williams@usdoj.gov

DATED:  December 21, 2021